UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                    CRIMINAL NO: 1:07mj27

STEPHEN RANDY LUXFORD

## BRIEF IN SUPPORT OF THE GOVERNMENT'S MOTION FOR PRE-TRIAL DETENTION OF THE DEFENDANT

The United States, by and through its undersigned counsel, files this brief in support of its motion requesting the pre-trial detention of the defendant in the above styled and numbered cause and asks this court to enter an order requiring that the defendant be held in the custody of the United States Marshall pending a trial on the matter.

## BACKGROUND

The defendant is charged by criminal complaint with violating 18 U.S.C. § 2422(b), specifically, the complaint alleges that in or around December of 2006, the defendant met the victim, a fourteen year old female, on the internet. The complaint further alleges that after consistent contact with the victim via the internet and via cell phone, the defendant drove to Biloxi, Mississippi on or about January 13, 2007 and met in person with the victim in person and attempted to coerce her to leave a friend that she was with and to accompany the defendant alone. According to the complaint, the defendant returned to Biloxi again on or about January 27, 2007 where he met the victim and drove her in his vehicle to a secluded location and engaged in oral sex with her. The defendant then drove the victim to a hotel and engaged in sexual intercourse with the victim.

**PROCEDURAL HISTORY**

The defendant was arrested on March 13th, 2007 pursuant to a warrant generated by a criminal complaint filed on March 12th, 2007. The defendant appeared for his initial appearance before the United States Magistrate Judge Robert H. Walker where the attorney for the government requested that the defendant be held without bond pending a trial on the matter. A Preliminary and Detention hearing is currently scheduled for March 19th, 2007 at 1:30 p.m.

**DISCUSSION OF THE LAW**

**I. Government's Right to Request Pre-Trial Detention**

The government may request that a defendant be held without bond pending trial pursuant to 18 U.S.C. § 3142(e), which states in relevant part that "If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonable assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."

**II. The Application of the Rebuttable Presumption**

The rebuttable presumption that there is no condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community can be applied under two separate circumstances. First, pursuant to 18 U.S.C. § 3142(e), when the "judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in ... an offense involving a minor victim under section ... 2422" of Title 18, the presumption applies. *See*, U.S. v. Volksen, 766 F.2d 192, (5th Cir. 1985).

Second, in any case described in 18 U.S.C. § 3142(f)(A)-(E), the presumption arises if the judicial officer determines:

> (1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of [section 3142], or of a State or local offense that would have been an offense described in subsection (f)(1) of [section 3142] if a circumstance giving rise to Federal jurisdiction had existed;
> (2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State, or local offense; and
> (3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.

18 U.S.C. § 3142(e).

If all three of the above criteria are met, the analysis then moves to 18 U.S.C. § 3142(f)(1). In order for the presumption to arise, the defendant must be presently charged with either,

> (A) a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> (B) an offense for which the maximum sentence is life imprisonment or death;
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et. seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et. seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.);
> (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) and (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
> (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; ...

18 U.S.C. § 3142(f)(1).

**ANALYSIS**

**I. Section 3142(e) is applicable to the instant case.**

In the present case, the defendant has been accused of a violation of Title 18, United States Code, Section 2422, which is one of the statutes specified in subsection (e) of title 18, Section 3142. Should the judicial officer determine that probable cause exists that the defendant committed the violation with which he has been charged, the court should apply the rebuttable presumption during the defendant's Detention Hearing. The rebuttable presumption causes the burden of proof to shift to the defendant. Specifically, the defendant must rebut the presumption that no condition or combination of conditions exist that will reasonably assure the appearance of the person as required and the safety of any other person and the community. *U.S. v. Rueben,* 974 F.2d 580 (5th Cir. 1992). However, the government still bears the initial burden of persuasion that the defendant is either a flight risk, or that the defendant poses a threat to any other person or to the community. *Id.* The government need only prove one of these conditions, not both. *Id.*

**II. Section 3142(f) is not applicable to the instant case.**

Section 3142(f) is inapplicable because the defendant does not meet the three criteria listed in section 3142(e), which are necessary to trigger 3142(f). Because the government has no evidence that the defendant has been previously convicted of any felony offense, no analysis is necessary with regard to whether or not the current crime charged in a crime of violence, carries a maximum penalty of life imprisonment, is a controlled substances violation or is a felony otherwise involving a minor.

However, for the edification of the parties as well as the court, the Fifth Circuit has held that offenses involving the "physical sexual abuse of children are acts of violence." *U.S. v.*

*Velazquez-Overa,* 100 F.3d 418, 421 (5th Cir. 1996). In that case, the Fifth Circuit was reviewing a Texas statue that made it a crime for any person to engage in sexual conduct with a person under the age of 17. The statute in question is a generic "Age of Consent" statute and proscribes sexual conduct that is otherwise consensual. According to the Fifth Circuit, this statutory rape provision is a crime of violence as it is defined in 18 U.S.C. 16(b) in that it "involves a substantial risk that physical force may be used." *Id.*

## CONCLUSION

The defendant has been charged with a violation of 18 U.S.C. § 2422(b). As such, the terms of 18 U.S.C. § 3142(e) require the defendant to rebut the presumption that no condition or combination of conditions exist that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, should this court determine during a Preliminary Hearing that probable cause exists that the defendant committed the crime as alleged in the complaint.

Respectfully submitted, this 14th day of March, 2007.

*/s/ J. Scott Gilbert*
J. SCOTT GILBERT
ASSISTANT UNITED STATES ATTORNEY
1575 20th Avenue, Second Floor
Gulfport, Mississippi 39501
(228) 563-1560
MSB# 102123

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2007, I electronically filed the foregoing with the Clerk of the Court using ECF system which sent notification of such filing to the following:

Thomas E. Royals
troyals@royalmayfield.com

                                  */s/ J. Scott Gilbert*
                                 J. SCOTT GILBERT