**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 1:07CR38-LG-JMR** |
| | § | |
| **STEPHEN RANDALL LUXFORD** | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO TRANSFER TRIAL TO ANOTHER DIVISION**

THIS MATTER COMES BEFORE THE COURT on Defendant, Stephen Randall Luxford's Sealed Motion to Transfer Trial to Another Division.  The Government filed a Response, but Defendant did not file a Reply.  The Court finds that the venue of the trial should not be transferred to the Jackson Division of the United States District Court for the Southern District of Mississippi.  Accordingly, the Court finds that Defendant's Motion should be denied.

**FACTS**

Defendant is charged with violation of 18 U.S.C. §2422(b), which prohibits the solicitation of a minor under the age of 18 to engage in sexual activity.  Defendant is a resident of Madison County, Mississippi, and the alleged victim is a resident of Harrison County, Mississippi.   On May 22, 2007, Defendant filed a Sealed Motion to Transfer his Trial to the Jackson Division of the United States District Court for the Southern District of Mississippi, arguing that he will be prejudiced if the trial is held in the Southern Division due to the pretrial publicity.  In support of his Motion, Defendant has submitted an article that was published in the *Jackson Free Press* on March 13, 2007, an article that was published in the *Clarion Ledger* on March 14, 2007, an article that was published in the *Sun Herald* on March 20, 2007, and a posting from the WLOX Channel 13 website, that each discussed Defendant's arrest and court

appearances.

## DISCUSSION

FED. R. CRIM. P. 18 provides:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice.

Additional factors not listed in FED. R. CRIM. P. 18 may also be considered, including pretrial publicity. *United States v. Lipscomb*, 299 F.3d 303, 340 (5th Cir. 2002). "In order for a defendant to justify a motion to transfer on the basis of pretrial publicity, he must establish that prejudicial, inflammatory publicity 'so saturated the community jury pool as to render it virtually impossible to obtain an impartial jury.'" *United States v. Smith-Bowman*, 76 F.3d 634, 637 (5th Cir. 1996)(quoting *United States v. Parker*, 877 F.2d 327 (5th Cir.), *cert. denied* 493 U.S. 871 (1989)).

In support of his Motion to Transfer the Trial to the Jackson Division, Defendant has submitted two articles published by media in the Southern Division and two articles published by media in the Jackson Division. The articles submitted by Defendant do not demonstrate that the jury pool in the Southern Division has been saturated with prejudicial, inflammatory publicity. Furthermore, the articles demonstrate an equal amount of publicity has occurred in the Southern Division and in the Jackson Division. Therefore, the pretrial publicity does not justify transfer of the trial to the Jackson Division.

Pursuant to FED. R. CRIM. P. 18, the Court must also consider the convenience of the witnesses and the defendant. The alleged victim, the law enforcement agents who investigated

the crime, and a minor witness, who was a friend of the alleged victim, reside in the Southern Division.  Additionally, Defendant is currently incarcerated in a facility in the Southern Division.  Therefore, the convenience of the witnesses and Defendant militates in favor of the trial taking place in the Southern Division.

The final consideration, the prompt administration of justice, authorizes the district courts to fix the place of trial so as to comply with the Speedy Trial Act.  *Lipscomb*, 299 F.3d at 342.  The trial of this matter is scheduled to commence in the Southern Division during this Court's trial term beginning July 9, 2007, and transfer of this action would not hasten the start of Defendant's trial.

**CONCLUSION**

Defendant has not demonstrated that the jury pool in the Southern Division has been saturated with prejudicial, inflammatory publicity.  Additionally, intradistrict transfer of the trial would not hasten the start of Defendant's trial, and the convenience of the witnesses militates against transfer.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendant, Stephen Randall Luxford's Sealed Motion to Transfer Trial to Another Division is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 13th day of June, 2007.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE